### George Leidig, appellant *v.* Daniel Rawson, appellee.

*Appeal from Montgomery.*

In actions for malicious prosecutions, it is a rule of law that there must be both malice and a want of probable cause, to justify a recovery.

In an action for malicious prosecution, the defendant may give in evidence any facts which show that he had probable cause for prosecuting, and that he acted in good faith, on the ground of suspicion.

The gist of the action for malicious prosecution, is, that the prosecutor acted maliciously, and without probable cause. If there is no malice, or if there is probable cause, the action will not lie.

The rule applicable to variances, is, that whenever an instrument of writing or a record is not the foundation of the action, a variance is not material unless the discrepancy is so great as to amount to a strong probability that it cannot be the instrument or record described.

In an action for the malicious prosecution of the plaintiff on a charge of perjury in making a complaint before a justice of the peace, that the defendant had committed a larceny, the defendant asked the following question of a witness, who was his counsel before the justice: "Did the defendant understand, on

the trial before the justice, that he was answering to a prosecution for steal-ing ?"—*Held* that the question was improper.

This cause was tried at the October term, 1835, of the Mont-gomery Circuit Court, before the Hon. Sidney Breese. The jury found a verdict for the plaintiff in the Court below, the appellee, for $325. Judgment was rendered upon this verdict. The de-fendant appealed to this Court.

A. Cowles and J. Semple, for the appellant, contended,

1st. The gist of the action is malice.

2d. It is competent for the defendant to show an honest inten-tion, in relation to the act charged as malicious. 2 Stark. Ev. and cases cited, 921, 922.

3d. The question of malice is alone for the jury. 2 Stark. Ev. 923–4, 911, 922, 916.

H. Eddy, J. S. Greathouse, and S. T. Sawyer, for the ap-pellee, cited 2 Stark. Ev. 912; 2 Pirtle's Dig. 170–178.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *trespass on the case*, commenced by Rawson against Leidig, in the Montgomery Circuit Court, for maliciously indicting Rawson for perjury. The defendant below pleaded not guilty. On the trial of the cause, Leidig read in evi-dence to the jury, without objection, an affidavit made before Josiah Wright, Esq., a justice of the peace for Montgomery county, by Daniel Rawson, in the words following, to wit:

"March 3d day, in 1834, The People of the State of Illinois against John Steerman and George Leidig and Henry Bloodner. Whereas Daniel Rawson, of Bond county, and State of Illinois, personally appeared before me, a Justice of the Peace in and for the county of Montgomery, and State of Illinois, and made oath that the above named John Steerman and George Leidig and Henry Bloodner did forcibly take away two yoke of oxen, and other articles, which I believe I had an interest in:"

Which being read to the jury, Leidig's counsel offered to give evidence to prove that Rawson, in making said affidavit, swore falsely; but the Court decided that such evidence should not be given to the jury. To which opinion the defendant excepted.—
The following exceptions were also signed on the trial, to wit, "That defendant called J. A. Wakefield, Esq., who was counsel for George Leidig, before Josiah Wright, Esq., on 3d of March, 1834, in the prosecution of the People against Leidig and others, to prove that Leidig understood that case to be for larceny in taking Rawson's oxen, and proposed this question: 'Did the de-fendant, Leidig, understand on the trial before Justice Wright, that he was answering to a prosecution for stealing the oxen?'

which was objected to by the plaintiff, and the objection sustained by the Court."

The refusal of the Court to permit the defendant to give evidence to prove that Rawson in making the affidavit swore falsely, and the decision of the Court in refusing to receive the testimony of Wakefield, are assigned for error.

The questions arising out of these bills of exceptions, will be examined in their order. The reason why the Circuit Court refused to permit the defendant to prove the affidavit of the plaintiff to be false, is not stated in the bill of exceptions. It is however fairly to be presumed, that it was because there was a variance between the affidavit read on the trial, and the oath alleged in the indictment to have been taken by Rawson before the justice; the making of which oath, was the foundation of the indictment for perjury. If the variance was the cause of rejecting the testimony to prove its falsity—and no other reason appears probable—the Court below erred. The affidavit being read without objection, was an implied admission on the part of the plaintiff, that it was the affidavit or oath that was before the grand jury, as the basis of the indictment against him. For what purpose did Leidig offer this affidavit to the jury, as part of his defence, unless to show the grounds he had for prosecuting Rawson for perjury? The Court can perceive no other object, and the plaintiff not objecting to it, is precluded from denying that it was relevant to the point in issue.

In actions for malicious prosecutions, it is a rule of law, that there must be both malice and a want of probable cause, to justify a recovery. This rule of the law is founded upon principles of public policy.(1)

The defendant may give in evidence any facts which show that he had probable cause for prosecuting, and that he acted in good faith, upon the ground of suspicion.(2)

But conceding that there is a variance between the affidavit read, and the oath mentioned in the declaration, and that the plaintiff had objected to the reading of the affidavit, ought the objection to have prevailed? The rule of law applicable to variances, is, that whenever an instrument of writing or a record is not the foundation of the action, a variance is not material, unless the discrepancy is so great as to amount to a strong probability that it cannot be the instrument or record described. Test this affidavit by this rule. It is to be observed that it is not stated in the indictment, whether the oath administered by the justice to Rawson, was or was not in writing. The oath mentioned in the indictment, and the affidavit, were both made before the same justice, and on the same day. The prosecutions in both were carried on in behalf of the People. The indictment

(1) 2 Stark. Ev. 911, and authorities there cited.       (2) 2 Stark. Ev. 916.

alleges that Rawson charged Leidig with feloniously taking two yoke of oxen, two ploughs, and two log chains, the property of Rawson. The affidavit states that Leidig and others did forcibly take away two yoke of oxen and other articles which Rawson believed he had an interest in. From this comparison of the two statements, no doubt can exist that they both refer to the same transaction. For what object could Rawson make his complaint to the justice, on oath, but to charge Leidig with stealing his oxen and other articles? The justice could not try an action of trespass for taking the oxen, as their value, with the other articles, was much beyond a justice's jurisdiction. Had Rawson intended to institute a civil action against Leidig, no oath would have been necessary. The complaint that was exhibited in the affidavit before the justice of the peace, was substantially, though not technically, a charge that Leidig had feloniously stolen the oxen and other articles, and so, doubtless, the justice and Rawson considered the matter when the oath was administered and the warrant issued. The language used in the indictment, is that of the grand jury and the prosecuting attorney, and for which Leidig, as the prosecutor, is not responsible, if he stated nothing but facts, however great the variance may be between the language used in the indictment, and the facts sworn to by the prosecutor. To illustrate this position: Suppose A. goes before the grand jury, and swears that B. has stolen his goods. The grand jury, however, find a bill for robbery. On the trial B. is acquitted because the charge is not proved as laid. B. then brings his action against A. Would it not be competent for A. to show that he only complained against B. for larceny, before the grand jury, and that B. was guilty of the larceny charged? Certainly he could; for the gist of the action for malicious prosecution, is, that the prosecutor acted maliciously, and without probable cause. If there is no malice, or if there is probable cause, the action will not lie. The mistake of the grand jury, in finding a wrong bill, cannot make a party liable who has acted in good faith.

Again, suppose Leidig in entering his complaint to the grand jury, had exhibited the affidavit above referred to, and complained that Rawson in making that affidavit, had sworn falsely; yet the grand jury had found the bill of indictment described in the declaration, and on the trial of the indictment, Rawson was acquitted, because the Court decided upon the production of the affidavit, that no such false oath had been taken, as the one set forth in the indictment; would it not be competent for Leidig on the trial of an action for malicious prosecution, to show that there was falsehood in the affidavit? It clearly would. The Court are therefore of opinion, that circumstanced as this case was, the Circuit Court erred in refusing to permit Leidig to prove

the falsity of the affidavit read on the trial.    We are also of
opinion that the Circuit Court decided correctly in refusing to
permit Wakefield to answer the question asked him.    Had the
question been whether he, as counsel of Leidig, had informed
him that he was prosecuted for larceny, the question would have
been proper as part of the *res gesta.*    It might have tended to
show the absence of malice.(1)

The judgment of the Circuit Court is reversed with costs, and
the cause remanded with directions to the Circuit Court of Mont-
gomery county, to award a *venire de novo.*

*Judgment reversed.*

*Note.*    See as to *Variance,* the case of Nowlin *v.* Bloom, Breese 98.